ORIGINAL

FILED

06/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0535

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0535

FLATHEAD LAKERS INC., a Montana Non-profit Public benefit corporation, AMY J. WALLER, STEVEN F. MOORE, CYNTHIA S. EDSTROM, ADELE ZIMMERMAN, MARTIN FULSAAS, GAIL A. WATSON-FULSAAS, LAUREL FULLERTON, ALAN COIT, DEIRDRE COIT, and FRANK M. WOODS,

Plaintiffs and Appellees,

WATER FOR FLATHEAD'S FUTURE,

Intervenor and Appellee,

v.

MONTANA DEPARTMENT OF NATURAL RESOURCES AND CONSERVATION,

Defendant and Appellant,

MONTANA ARTESIAN WATER COMPANY,

Defendant and Appellant.

FILED

JUN 27 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Montana Artesian Water Company (Artesian) has filed a Petition for Rehearing of this Court's Opinion entered May 16, 2023. *See Flathead Lakers Inc. v. Mont. Dep't of Nat. Res. & Conservation*, 2023 MT 85, 412 Mont. 225. Water for Flathead's Future, Inc., *et al.* (collectively "Appellees") have filed an objection to the Petition.

This Court "will consider a petition for rehearing presented only upon [a showing] [t]hat it overlooked some fact material to the decision; [t]hat it overlooked some question presented by counsel that would have proven decisive to the case; or [t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R.

App. P. 20(1)(a). "A petition for rehearing is not a forum in which to rehash arguments made in the briefs and considered by the Court." *State ex rel. Bullock v. Philip Morris, Inc.*, 217 P.3d 475, 486, 2009 Mont. LEXIS 443 (*citing* M. R. App. P. 20(1)(a)). Having reviewed the Petition and Appellees' response, we conclude that Artesian has not demonstrated the existence any of the criteria, including an overlooked fact or a conflict with controlling authority, which would warrant rehearing. M. R. App. P. 20(1)(a)(i)-(iii).

Artesian's contention that the Court erroneously characterized the subject well as having been "pumped" for three months prior to the March 2015 aquifer test, when it was instead merely allowed to "flow" during this time, does not undermine the materiality of that fact. However termed, the salient point is that the quantity, duration, and timing of this outflow raised questions concerning Artesian's aquifer test practices. Artesian also contends that DNRC did consider other surface water rights and that its overlooking of the Waller right was "an inconsequential and harmless error." However, several DNRC officials testified that surface waters, such as Wallers', were not evaluated for legal availability, in direct violation of Admin R. M. 36.12.1704. Artesian's remaining contentions are either not material to our decision, or a re-hash of arguments addressed in the opinion. Therefore,

IT IS ORDERED that the Petition for Rehearing is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record.

DATED this 27 day of June, 2023.

_____
Chief Justice

_____

_____

2

_____

_____

_____

_____
Justices

3